**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Shenzhen Lantianjinrun Trading Co., Ltd. d/b/a GrillArt, | |
| Plaintiff, | Case No. |
| v. | |
| GA Exclusive Inc. and Andrei Ababi, | |
| Defendants. | |

**VERIFIED COMPLAINT OF SHENZHEN LANTIANJINRUN TRADING CO., LTD D/B/A GRILLART**

Shenzhen Lantianjinrun Trading Co., Ltd. d/b/a GrillArt ("GrillArt), by and through its attorneys, ARONBERG GOLDGEHN DAVIS & GARMISA hereby brings the present action against GA Exclusive Inc. and Andrei Ababi, and states as follows:

## I.    JURISDICTION AND VENUE

1.    GrillArt brings this action under Title 35 of the United States Code, and under 28 U.S.C. §§2201 and 2202, to obtain declaratory judgements of non-infringement and invalidity with respect to U.S. Patent No. 11,864,694 (the "'694 Patent")(Exhibit 1), under 35 U.S.C. § 101 *et seq*.

2.    This Court has original subject matter jurisdiction over GrillArt's patent-related claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

3.    Venue is proper in this Court pursuant to at least 28 U.S.C. § 1391(b)(1), as each defendant resides in this district.

1

## II.     THE PARTIES

4.      Plaintiff, Shenzhen Lantianjinrun Trading Co., Ltd. d/b/a GrillArt ("GrillArt"), is a Chinese company that maintains an office at Room 2706, LeiZhen Building, Fumin Road, Futian District, Shenzhen, China.

5.      Defendant, GA Exclusive Inc. ("GA Exclusive"), on information and belief, is an Illinois corporation having an address of 8417 N. Shermer Rd., Niles Illinois, 60714 (Exhibit 5).

6.       GA Exclusive and is the owner, by assignment, of the '694 patent at issue in this action (Exhibit 4).

7.      Defendant, Andrei Ababi ("Ababi"), on information and belief, is an individual residing at 8417 N. Shermer Rd., Niles Illinois, 60714. .

8.      Ababi is the President of GA Exclusive.

9.      Ababi is the sole named inventor identified on the '694 patent.

### III.     FACTS PERTAINING TO ALL CLAIMS

10.      GrillArt is a preeminent designer, manufacturer and seller of unique, high quality grilling products and accessories.

11.      Since at least as early as 2017, GrillArt has been selling its grilling products in the United States under the GRILLART® brand.

12.      GrillArt sells its products on its website, www.grillartus.com as well as through its Amazon GRILLART store, https://www.amazon.com/stores/GRILLART/page/6990EE98-3943-487A-99C6-50FE4D40D9DD?ref_=ast_bln.

13.      Among the products that GrillArt has sold are reusable barbeque skewers.

14.      The following is an image of reusable barbeque skewers that GrillArt has sold (Exhibit 6) ("GrillArt Skewers"):



15.    Exhibit 7 is a true and correct copy of Chinese Patent No. CN204071793 including the certified translation of it ("the CN793 patent").

16.    The CN793 patent published on January 7, 2015.

17.    No United States patent claims priority to the CN793 patent or any patent or patent application that is either a child or parent of the CN793 patent.

18.    The CN739 patent lists 刘冠棚 (Liu Guanpeng), 梁兵 (Liang Bing), and 于国新 (Yu Guoxin), as the inventors of the invention claimed in the CN793 patent.

19.    The CN739 patent lists 广州膳道信息科技有限公司 (Guangzhou Shandao Information Technology Co., Ltd.) and 广东百源实业有限公司 (Guangdong Power Source Co., Ltd) as the Patentees.

20.    GA Exclusive is not the inventor of the CN739 patent.

21.    Ababi is not the inventor of the CN739 patent.

22.     On May 12, 2020, Ababi filed U.S. Provisional Patent No. 62/704,469 (the '469 application) (Exhibit 3) with the United States Patent and Trademark Office ("USPTO").

23.     The USPTO granted the '496 application a filing date of May 12, 2020.

24.     On October 28, 2020, Ababi filed U.S. Patent Application No. 16/949,391 (the '391 application" or "the '694 patent application") (Exhibit 2) with the USPTO.

25.     The '391 application claims priority to the '496 application.

26.     The effective filing date of the '391 application is May 12, 2020.

27.     On January 9, 2024, the '391 application issued as US Patent No. 11,864,694.

28.     The earliest effective filing date and the priority date of the '694 patent are each May 12, 2020.

29.     The '694 patent is directed to a barbecue skewer.

30.     The '694 patent includes the following twelve Figures:



31.     The '694 patent includes 15 claims.

32.   Of the 15 claims in the '694 patent, claims 1, 3, and 5 are independent.

33.   The CN739 patent is prior art to the '694 patent.

34.   The CN739 patent is not identified on the face of the '694 patent as being considered by the USPTO during the examination of the '694 patent application.

35.   The CN739 patent was never cited by the USPTO Examiner during the prosecution of the '694 patent application.

36.   All applicants for patent have a duty of candor to the USPTO.

37.   The duty of candor requires that the applicant disclose to the USPTO all material prior art that they are aware of by submitting an Information Disclosure Statement ("IDS").

38.   The duty of candor persists through the entire application process, and applicants are required to file additional IDS documents if they are become aware of material prior art that had not been submitted or identified in the application.

39.   During the prosecution of the '694 patent application, Ababi submitted a single IDS.

40.   The IDS Ababi submitted did not identify the CN739 patent.

41.   The IDS Ababi submitted did not identify any non-patent literature.

42.   On information and belief, Ababi was aware of the CN739 patent during the prosecution of the '694 patent application.

43.   On information and belief, Ababi was aware that the CN739 patent was material prior art to the claims he was pursuing in the '694 patent application during the prosecution of the '694 patent application.

44.     On information and belief, Ababi intentionally withheld CN739 with the specific intent of misleading the USPTO into allowing the claims of the '694 patent application without reviewing the CN739 patent.

45.     The CN739 patent anticipates each and every claim of the '694 patent.

46.     The CN739 patent discloses skewer body 11, limiting protrusion 12, limiting slot 13, handle 14, pushing member 20, food-pushing part 21, first through-hole 21a, first anti-slip protrusion 22, restricted body 23, second through-hole 23a, restricted portion 25, first handheld piece 26, restricted piece 27, second handheld piece 28, connector 29, and third through-hole 29a. Exhibit 7, ¶ [0020].

47.     The CN739 patent includes figures that are virtually identical to figures in the '694 patent.

48.     Figure 1 of the CN739 patent (top) is identical to Figure 2 of the '694 patent (bottom) in all material respects:



图 1



49. The slider shown in the CN739 patent (top) is identical to the slider shown in '694 patent (bottom), even down to the hour-glass curvature and arched grips:



50. The skewer shaft of the CN739 patent (top) includes two detents just as is shown in the shaft of the '694 patent (bottom):



51. The structures of the CN739 patent slider (right) are identical to and correspond to the structures of the '694 patent slider (left).



52.    With reference to the figure above,

a.   CN739 elements 21a/29a are identical to '694 elements 24;

b.   CN739 element 23a/25 is identical to '694 element 34/32.

53.    On information and belief, Ababi copied the subject matter of the CN739 patent to prepare the '694 patent application.

54.    On information and belief, despite Ababi knowing that he did not invent the subject matter of the '694 patent, Ababi falsely stated under oath that he was the inventor of the subject matter of the '694 patent.

55.    Ababi further used the '694 patent to intentionally interfere with GrillArt's business relationships.

56.    In at least July of 2024, GrillArt had a business relationship with Amazon.

57.    In at least July of 2024, GrillArt was selling GrillArt Skewers on Amazon.com pursuant to a Seller Agreement with Amazon.

58.     Under the Seller Agreement, GrillArt was permitted to sell products on Amazon in exchange for payments made to Amazon.

59.     GillArt listed its GrillArt Skewers under ASIN B07QK4VMFG.

60.     In at least July of 2024, GrillArt, pursuant to its business relationship and Seller Agreement, both considered together and separately, expected to continue doing business with Amazon in the sale of the ASIN B07QK4VMFG GrillArt Skewers.

61.     On or before July 10, 2024, Ababi knew of GrillArt's business relationship and agreement with Amazon.

62.     On or before July 10, 2024, Ababi intentionally submitted a takedown request (Amazon Complaint ID 15520585151) (Exhibit 8) to Amazon ("the Takedown Request").

63.     Through the Takedown Request Ababi demanded that Amazon remove the ASIN B07QK4VMFG GrillArt Skewers from sale on Amazon by asserting that they infringed the '694 patent.

64.     On information and belief, at the time that Ababi made the Takedown Request to Amazon, Ababi knew that he had improperly obtained the '694 patent and that the '694 patent was invalid.

65.     The Takedown Request was purposefully and improperly made by Ababi to interfere with GrillArt's business relationship with Amazon by convincing Amazon to prohibit the sale of the ASIN B07QK4VMFG GrillArt Skewers on Amazon.com.

66.     On information and belief, Ababi's actions in issuing the Takedown Request were done with malice and an intent to harm GrillArt's business.

67.     As a result of Ababi's false accusations of infringement, Amazon terminated the Seller Agreement with GrillArt with respect to the ASIN B07QK4VMFG GrillArt Skewers.

68.     As a result of Ababi's false accusations of infringement, GrillArt has been unable to sell the GrillArt Skewers on Amazon.

## COUNT I
## DECLARATORY JUDGMENT OF INVALIDITY
### U.S. Patent No. 11,864,694

69.     GrillArt incorporates all of the foregoing paragraphs herein.

70.     Under 35 U.S.C. 102(a) A person shall be entitled to a patent unless the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention.

71.     The CN739 patent is prior art to the '694 patent as it is a patent and printed publication that was available to the public more than one year before the effective filing date of the '694 patent.

72.     Each claim of the '694 patent is invalid because each claim is anticipated by the CN739 patent.

73.     The CN739 patent discloses each and every limitation of each and every claim of the '694 patent for the reasons set forth in the claim chart that is Exhibit 9 to this complaint, the entirety of which is incorporated herein for all purposes.

74.     Each and every claim of the '694 patent is invalid as anticipated or obvious in view of the CN739 patent under 35 U.S.C. § 102 or 35 U.S.C. § 103.

## COUNT II
## DECLARATORY JUDGMENT OF UNENFORCEABILITY
### U.S. Patent No. 11,864,694

75.     GrillArt incorporates all of the foregoing paragraphs herein.

76.     On information and belief, Ababi, the attorney representing Ababi in the prosecution of the '694 patent application, or another with a duty of candor to the USPTO in

10

connection with the '694 patent application (collectively "the Applicant") knew of the CN739 patent during the prosecution of the '694 patent application.

77.     On information and belief, the Applicant knew that the CN739 patent was material prior art to at least one of the claims of the '694 patent application during the prosecution of the '694 patent application.

78.     On information and belief, the Applicant withheld the CN739 patent from the USTPO with the intent to deceive the USPTO into allowing the claims of the '694 patent application.

79.     At least through the foregoing acts, the Applicant engaged in inequitable conduct before the USPTO during the prosecution of the '694 patent application.

80.     The entirety of the '694 patent is unenforceable as a result of the Applicant's inequitable conduct during the prosecution of the '694 patent application.

**COUNT III**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT**
**U.S. Patent No. 11,864,694**

81.     GrillArt incorporates all of the foregoing paragraphs herein.

82.     Every claim of the '694 patent is invalid or unenforceable.

83.     Neither an invalid nor an unenforceable claim can be infringed.

84.     The GrillArt Skewers do not infringe any claim of the '694 patent.

85.     No product sold or offered for sale by GrillArt infringes any claim of the '694 patent.

**PRAYER FOR RELIEF**

WHEREFORE, GrillArt prays for judgment against Defendants, jointly and severally, as follows:

1) That Judgment be entered against Defendants finding that every claim of U.S. Patent No. 11,864,694 is invalid.

2) That Judgment be entered against Defendants finding that every claim of U.S. Patent No. 11,864,694 is unenforceable.

3) That Judgment be entered in favor of GrillArt finding that GrillArt has not infringed upon any claim of U.S. Patent No. 11,864,694.

4) A finding that this case is exceptional under 35 U.S.C. § 285.

5) Awarding GrillArt its cost and reasonable attorneys fees.

6) Awarding GrillArt pre and post judgement interest on all monetary awards.

7) Enter an order enjoining Defendants from asserting infringement of U.S. Patent No. 11,864,694, or otherwise using U.S. Patent No. 11,864,694 to interfere with GrillArt's business.

8) Awarding GrillArt any and all other relief that this Court deems just and proper.

Dated:  December 7, 2024                 */s/ Matthew De Preter*
                                                Matthew De Preter
                                                Sofia Quezada Hastings
                                                ARONBERG GOLDGEHN
                                                225 West Washington, Suite 2800
                                                Chicago, Illinois 60606
                                                312.828.9600
                                                cdepreter@agdglaw.com

                                                *Attorneys for Plaintiff Shenzhen Lantianjinrun Trading Co., Ltd. d/b/a GrillArt ("GrillArt)*

## VERIFICATION

I, Xu DaQing, hereby certify as follows:

1. I am over the age of 18.

2. I am an owner of Shenzhen LanTian JinRun Trading Co., Ltd. and am authorized to make this Verification on behalf of Shenzhen LanTian JinRun Trading Co., Ltd.

3. I have read the foregoing Verified Complaint and, based on my personal knowledge and my knowledge of information reported to me by subordinates and colleagues who report to me, the factual allegations contained in the Verified Complaint are true.

4. I certify under penalty of perjury under the laws of the United States of America that the foregoing statements made by me are true and correct.

**Date**    12/07/2024

By:   Xu DaQing

Xu DaQing
*Owner Shenzhen Lantianjinrun Trading Co., Ltd. d/b/a GrillArt*

4859-3367-2190, v. 1

14